IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH T. HAYES, M.D.          :          CIVIL ACTION
                               :
     v.                        :
                               :
AMERICAN INTERNATIONAL         :
GROUP, et al.                  :          NO. 09-2874

MEMORANDUM

McLaughlin, J.                                November 30, 2009

      Plaintiff Joseph T. Hayes, M.D., is a physician specializing in occupational medicine. On November 6, 2001, he alleges that he was struck by a hospital door and suffered disabling cervical and lumbar injuries. In February 2002, Dr. Hayes made a claim against his disability policy. As part of the initial claim evaluation, Dr. Hayes alleges that he disclosed that he continued to work five hours a week after his accident performing acupuncture. He also alleges that he disclosed in 2003 that he anticipated being able to perform medical file reviews. Despite these alleged disclosures, the defendants found Dr. Hayes to be totally disabled and began paying him disability benefits under his policy.

      Dr. Hayes received disability payments from March 2002 through May 2006. In May 2006, his benefits were terminated on the ground that he had been observed through surveillance performing activities inconsistent with his claimed disability, including engaging in the practice of medicine. In November

2006, Dr. Hayes's insurance company referred his file to the New Jersey Office of the Insurance Fraud Prosecutor.

Based on the termination of his disability benefits, Dr. Hayes filed this suit, bringing claims for breach of contract, intentional misrepresentation, breach of fiduciary duty, statutory bad faith under 42 Pa. C.S. § 8371, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act ("PaUTPCPL"), 73 P.S. § 201-1 et seq. All claims are asserted against three defendants: American International Group ("AIG"), The United States Life Insurance Company in the City of New York ("U.S. Life"), and Disability Management Services, Inc. ("Disability Management"). Jurisdiction over this case is based in diversity.[1]

Defendants AIG and U.S. Life (collectively "the moving defendants") have filed a motion to transfer this case to the District of New Jersey or, in the alternative, to dismiss all the plaintiff's claims except that for breach of contract. Defendant Disability Management has answered the complaint, but also filed

---

[1] Before filing this suit, the plaintiff had brought an earlier action concerning these same events in the United States District Court for the District of New Jersey: <u>Hayes v. Am. Int'l Group</u>, No. 3:09-cv-2304 (D.N.J. filed May 14, 2009). This suit was dismissed, sua sponte and without prejudice, for lack of jurisdiction because the complaint did not adequately allege the citizenships of the parties. After the dismissal, Dr. Hayes filed this suit in this Court.

a joinder to the moving defendants' motion. The Court will deny the motion to transfer and grant, in part, the motion to dismiss.

I. The Motion to Transfer

The moving defendants argue that this case should be transferred to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In weighing a transfer under § 1404(a), courts are not limited to looking only at the convenience of parties and witnesses, but may consider any relevant factors that may bear on whether a transfer would be in the interests of justice. The moving party bears the burden of establishing the need for a transfer and, in ruling on such a motion, the plaintiff's choice of forum "should not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Some of the private interests that may be considered include the plaintiff's choice of forum; the defendant's choice of forum; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of witnesses, although only to the

extent that the witnesses may actually be unavailable for trial in a particular forum; and the location of books and records to the extent they could not be produced in a particular forum. Jumara, 55 F.3d at 879. Some of the public factors to be considered include the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the local interest in deciding local controversies at home; the public policies of the fora; and, in diversity cases, the familiarity of the trial judge with the applicable state law. Id.

In arguing for transfer, the moving defendants do not contend that a transfer to New Jersey is necessary for the convenience of the parties or witnesses. The moving defendants state only that the District of New Jersey is "at least as convenient as, if not more convenient" than the Eastern District of Pennsylvania. Def. Br. at 13. Instead, the principal argument for transfer is that the operative facts underlying Dr. Hayes's claims took place in New Jersey and that New Jersey has a public policy interest in seeing them tried in that forum. These arguments are not sufficient to warrant transfer.

The moving defendants argue that these claims arose in New Jersey. They contend that Dr. Hayes' disability policy was issued while he was a New Jersey resident and delivered to him in

New Jersey.[2] Payments under the policy were sent to an address in New Jersey, as was the letter terminating his benefits. Because the "vast majority" of operative facts took place in New Jersey, the moving defendants argue that the plaintiff's choice of forum should be given little if any weight.

The moving defendants also contend that New Jersey has a strong public policy interest in having all instances of insurance fraud occurring within its borders tried in its courts and in having its law apply to the interpretation of insurance contracts issued to its residents. They argue that New Jersey law will apply to many, if not all, of the claims here, and that the case should be transferred because a New Jersey court will be more familiar with New Jersey law.

---

[2] The parties dispute whether Dr. Hayes is a resident of Pennsylvania or New Jersey. In the complaint, Dr. Hayes alleges that he is a resident of Pennsylvania. The moving defendants contend that this is untrue and state that the address Dr. Hayes gives in his complaint (1452 Brownsville Road, Trevose, PA) is not a residence, but an office building. The moving defendants assert that, after Dr. Hayes was notified in November 2006 that his claim had been referred to the New Jersey Office of the Insurance Fraud Prosecutor, Dr. Hayes attempted to forestall an investigation by asserting in communications with his insurers that he had been a resident of Pennsylvania for the preceding five years. Def. Br. at 16-17. Dr. Hayes does not address these allegations in his opposition brief, but reiterates that he is currently a resident of Pennsylvania. The Court will not resolve this factual dispute at this stage of the proceedings. Whether Dr. Hayes is a resident of New Jersey or Pennsylvania does not affect diversity, because none of the defendants is alleged to be a citizen of those states, nor does the issue need to be resolved to decide the pending motions.

Weighing these arguments, the Court finds that they are not sufficient to meet the moving defendants' burden of showing that a transfer is warranted. Contrary to the moving defendants' assertions, a significant number of the events at issue in this lawsuit occurred in Pennsylvania. The complaint states, and the moving defendants have not disputed, that Dr. Hayes' practiced medicine in Pennsylvania at the time he became disabled and that his disability was caused by an accident at a Pennsylvania hospital. According to the moving defendants' brief, one of the reasons for the termination of Dr. Hayes' benefits was that he was observed at medical buildings in Norristown and Northhampton, Pennsylvania, acting in a manner that indicated that he was practicing medicine at these locations. Def. Br. at 6.

New Jersey's asserted public policy interests in this case are also insufficient to warrant a transfer. The defendants have not explained how New Jersey's ability to investigate allegations of insurance fraud concerning Dr. Hayes will be affected by whether this case proceeds in Pennsylvania or New Jersey. The Court can see no reason why the forum in which this case proceeds would affect any New Jersey investigation. The Court also finds that, to the extent that New Jersey law applies to this case (an issue the Court does not decide), that law can be applied by this Court and does not require a transfer of the case.

Considering all the private and public factors relevant to transfer, the Court finds that the moving defendants have not met their burden of overcoming the plaintiff's choice of forum.

II. The Motion to Dismiss

The moving defendants seek to dismiss the claims in the complaint for intentional misrepresentation, breach of fiduciary duty, statutory bad faith under 42 Pa. C.S. § 8371, and violations of the PaUTPCPL, 73 P.S. § 201-1.  The moving defendants have not moved to dismiss the complaint's breach of contract claim.

In their briefs, the parties disagree as to whether New Jersey or Pennsylvania law governs the common law claims in the complaint.  In arguing for a transfer to New Jersey, the moving defendants assert that "New Jersey law is likely to apply" to this case under Pennsylvania's choice of law rules, but argue that the claims at issue should be dismissed under either Pennsylvania or New Jersey law.  In responding to the motion to dismiss, Dr. Hayes takes inconsistent positions on choice of law. Although the bad faith and consumer protection law claims in the complaint are expressly brought under Pennsylvania statutes, Dr. Hayes states that he agrees with the defendants that his breach of fiduciary duty claim should be governed by New Jersey law

(which is more favorable to his claim).  Dr. Hayes is unclear as to what law he contends governs his fraud claim.

In resolving the motion to dismiss, the Court will not decide which law governs the common law claims here.  Neither party has addressed the choice of law issue in sufficient detail to allow it to be decided now.  The choice of law issue will also turn on factual issues concerning the nature and extent of the parties' contacts with New Jersey and Pennsylvania, which will be better addressed at a later procedural stage.  In resolving the motion to dismiss, where appropriate, the Court will examine the common law claims in the complaint under both New Jersey and Pennsylvania law, dismissing them only if they fail to state a claim under both states' law.

A.  Fraudulent Misrepresentation Claims

Dr. Hayes alleges that the defendants committed fraud by misrepresenting in their disability policy that they would pay benefits to Dr. Hayes until his seventieth birthday if he became disabled, when in fact they "had no intention of continuing to make total or residual disability payments, nor did they at any time intend to honor" the policies in question.  Compl. ¶¶ 83-85.

Both New Jersey and Pennsylvania define fraud similarly.  Under New Jersey law, a claim for fraud requires proof of five elements: (1) a material misrepresentation of a

presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Bell Atlantic Network Servs., Inc. v. P.M. Video, 730 A.2d 406, 417-18 (N.J. Super. Ct. App. Div. 1999). Pennsylvania law requires proof of five similar elements: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance upon the misrepresentation by the party defrauded; and (5) damage to the party defrauded as a proximate result of the misrepresentation. Colaizzi v. Beck, 895 A.2d 36, 39-40 (Pa. Super. Ct. 2006).

New Jersey and Pennsylvania law differ, however, as to when fraud claims can be based on a failure to perform contractual obligations, although both states allow such claims under different circumstances. Compare Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1186 (3d Cir. 1993) (under New Jersey law, a fraud claim arising from a contract requires that a plaintiff prove, not just a promise to perform that was unfulfilled, but that, "at the time the promise to perform was made, the promisor did not intend to fulfill the promise") with Jahanshahi v. Centura Development Co., Inc., 816 A.2d 1179, 1186-87 (Pa. Super. Ct. 2003) (under Pennsylvania law, a claim alleging "improper performance of a contractual obligation

-9-

(misfeasance)," states a claim for fraud, but a claim alleging mere nonfeasance of contractual obligations does not).

Regardless of which state's law applies to the fraud claim here, Dr. Hayes has failed to adequately allege sufficient facts to satisfy either the general pleading standards of Federal Rule of Civil Procedure 8 or the heightened pleading standards for fraud required by Rule 9(b).[3]

Under Rule 8, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, a plaintiff cannot satisfy Rule 8 merely by making "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In evaluating a claim under Rule 8, a court must accept all well-pleaded facts as true, but should disregard any legal conclusions; the court must then determine whether the facts alleged are sufficient to show that Dr. Hayes has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

---

[3] Because the Court finds that the fraud claim does not meet the requirements of Rule 8 and Rule 9(b), whether considered under New Jersey or Pennsylvania law, the Court will not address the defendants' argument that the fraud claim is barred by Pennsylvania's "gist of the action" doctrine.

Under Rule 9(b), a plaintiff must plead with particularity the circumstances surrounding any allegations of fraud. This requires that Dr. Hayes put the defendants on notice of the "precise misconduct with which they are charged." <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 224 (3d Cir. 2004). This usually requires that a plaintiff allege "the essential factual background that would accompany the first paragraph of any newspaper story -- that is, the 'who, what, when, where and how' of the events at issue." <u>In re Rockefeller Center Prop., Inc. Sec. Litig.</u>, 311 F.3d 198, 217 (3d Cir. 2002) (internal quotation omitted).

Here, Dr. Hayes's allegations of misconduct fail to satisfy either Rule 8 or Rule 9. Dr. Hayes alleges that, by entering into agreements and by accepting premium payments, defendant AIG made "representations of fact, opinion, intention, and/or law" that it would make payments under the policy, but that "[i]n fact, the Defendants had no intention of continuing to make" such payments, "nor at any time did they intend to honor the individual disability policies in question." Compl. ¶¶ 83-84. The complaint states AIG "and/or" defendant Disability Management "knew that it would not satisfy its disability benefit obligation to Plaintiff" but instead AIG led Dr. Hayes "to believe benefits would be paid per the policy provisions." Compl. ¶ 88. The defendants are also alleged to have willfully

terminated Dr. Hayes benefits on the basis of a claims examiner's opinion that lacked a reasonable basis. Compl. ¶¶ 87, 91. The complaint also refers, without explanation, to an unspecified "company-wide pattern and practice" of fraud. Compl. ¶ 92.

Dr. Hayes's allegations that the defendants entered into the disability policy with no intention of honoring it and began making payments under the policy with no intention of continuing them are exactly the type of "formulaic recitations" and "naked assertions" that are insufficient to state a claim under Rule 8. Under Iqbal, Dr. Hayes must plead facts to support his claims of the defendants' alleged intent and those facts must be sufficient to make the claim plausible. Here, the only facts Dr. Hayes alleges to support his allegations concerning the defendants' intent are that the defendants accepted their claims examiner's findings and rejected Dr. Hayes's claim. These facts, even accepted as true, establish only that the defendants denied the claim but do not support Dr. Hayes's allegations concerning the defendants' intent at the time the policy was issued.

Having failed to satisfy the general pleading standards of Rule 8, Dr. Hayes's fraud allegations also fail to satisfy the heightened pleading standards of Rule 9(b). Dr. Hayes's allegations of fraud fail to specifically identify the misrepresentations at issue, referring repeatedly to unspecified "representations of fact, opinion, intention, and/or law." To

-12-

the extent specific misrepresentations are identified, the complaint fails to identify which defendant made them or when they were made. The complaint's unexplained reference to a "company-wide" pattern and practice fails to explain what pattern or practice is alleged or to which company it pertains.

The Court will therefore dismiss the fraudulent misrepresentation claim (Count III), without prejudice to plaintiff's right to re-plead it with sufficient specificity.

### B. Pa. UFTCPL Claim

The PaUFTCPL creates a private right of action for consumers who are subject to unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. 73 P.S. § 201-9.2. The statute defines twenty specific examples of such unfair or deceptive acts and contains a "catch-all" provision that makes it actionable to engage in "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4).

The complaint does not specifically refer to the statutory definitions in describing the defendants' alleged violations of the statute. It alleges that the defendants fraudulently misrepresented the terms of the policy; knowingly advertised and sold their policy with fraudulent intent not to provide the described coverage; and failed to comply with the

terms of written guarantees or warranties.  Compl. ¶ 76.  These allegations implicate both specific prohibitions in the statute against false advertising and failing to honor written warranties or guarantees, as well as the "catch-all" provision generally prohibiting fraudulent and deceptive conduct.  See 73 P.S. § 201-2(4)(ix),(x),(xiv),(xxi).

These allegations are insufficient to satisfy the general pleading standard of Rule 8.[4]  The allegations of fraudulent or deceptive conduct under the "catch-all" provision of the PaUTPCPL fail for the same reasons as the allegations of fraud, discussed above.  Dr. Hayes has failed to plead facts sufficient to make plausible his allegation that the defendants fraudulently or deceptively issued his disability policy with no intention of honoring it, as required by Twombley and Iqbal.

---

[4]  Courts have divided as to whether claims under the PaUTPCPL must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), at least as to allegations of deceptive, but not fraudulent, conduct.  Compare Rubenstein v. Dovenmuehle Mortg., Inc., 2009 WL 3467769 (E.D. Pa. Oct. 28, 2009) (holding that a claim under the "catch-all" provision of the PaUTPCPL requires proof of the elements of common law fraud and must meet the pleading standards of Rule 9(b)) with Seldon v. Home Loan Servs., Inc., 2009 WL 2394182 at *14-15 (E.D. Pa. Aug. 04, 2009) (holding that a claim alleging only deceptive conduct under the PaUTPCPL's "catch-all" provision does not require proof of the elements of common law fraud and need not meet the requirements of Rule 9(b)).  Because the Court has found that the PaUTPCPL claim fails to meet the basic requirements of Rule 8, the Court will not address at this time to what extent the PaUTPCPL claims must also meet Rule 9(b).

The PaUTPCPL claims alleging false advertising and dishonored warranties and guarantees fail an even more basic requirement for stating a claim because they fail to give the defendants "fair notice" of the claim against them, as required since Conley v. Gibson, 355 U.S. 41, 47 (1957). The complaint does not identify any advertising, warranty or guarantee issued by any of the defendants.

The Court will dismiss the PaUTPCPL claim (Count II), without prejudice to plaintiff's right to re-plead it with sufficient specificity.

C. Existence of a Fiduciary Duty

The defendants have moved to dismiss the claim for breach of fiduciary duty on the ground that neither Pennsylvania nor New Jersey recognizes a fiduciary duty owed by insurers to insureds. Dr. Hayes does not address, and therefore tacitly concedes, the defendants' argument that no such duty exists under Pennsylvania law, but argues that it does exist under New Jersey law.

Pennsylvania has recognized that an insurer may owe a fiduciary duty to its insured in specific circumstances, not present here, such as when the insurer controls the defense of litigation covered by the policy against the insured. See Cowden v. Aetna Cas. & Sur. Co., 134 A.2d 223, 228 (Pa. 1957).

-15-

Pennsylvania law, however, has not recognized a fiduciary duty owed by insurers to insureds outside of these narrow circumstances. Smith v. Berg, 2000 WL 365949 at *4 (E.D.Pa. Apr. 10, 2000) ("under Pennsylvania law, insurers generally do not owe a fiduciary duty to their insureds") (collecting cases).

Unlike Pennsylvania, New Jersey has imposed a fiduciary duty upon insurers outside of the context of defending third-party claims. New Jersey imposes a duty of good faith and fair dealing upon an insurer in processing and paying a claim for benefits and gives insureds a cause of action when that duty is breached. Pickett v. Lloyd's, 621 A.2d 445 (N.J. 1993). The New Jersey Supreme Court has described this as a fiduciary duty. Id. at 467.[5]

---

[5] In their reply brief, the defendants argue strenuously that Pickett does not hold that an insurer owes a fiduciary duty to an insured:

> The New Jersey Supreme Court did not hold in [Pickett] that an insurer has a fiduciary duty to the insured in any respect. Rather, the court observed in dicta that insurers and insurance producers have been held to higher duties to their respective principals under certain specified circumstances. . . . Again, nowhere in the opinion does the [c]ourt conclude that an insurer is a fiduciary of its insured in arriving at a coverage determination.

Defs. Rep. Br. at 9. The defendants are incorrect. Pickett explicitly bases its holding that an insurer owes a duty to its insured to process claims in good faith on the existence of a fiduciary duty between insurer and insured:

-16-

Because New Jersey recognizes a claim for breach of fiduciary duty in cases like this one alleging an unreasonable failure to pay a claim, and because the Court is not deciding choice of law at this stage of the proceedings, the Court will deny the defendants' motion to dismiss the breach of fiduciary duty claim.

D. <u>Bad Faith</u>

The complaint contains a claim for statutory bad faith under 42 Pa. C.S. § 8371. The defendants seek dismissal of this claim on the ground that the allegations of the complaint do not show conduct rising to the level of bad faith. Under Pennsylvania law, to prevail on a claim under § 8371, a plaintiff must prove by clear and convincing evidence that the insurer had no reasonable basis for denying benefits under the policy and

---

> We are satisfied that there is a sufficient basis in law to find that an insurance company owes a duty of good faith to its insured in processing a first-party claim. We begin by noting that every contract imposes on each party the duty of good faith and fair dealing in its performance and its enforcement. . . . Agents of an insurance company are obligated to "exercise good faith and reasonable skill in advising insureds." . . . <u>Implicit in that holding that the agent of the insurer owes a fiduciary duty to the insured is that the principal owes an equal duty</u>.

<u>Pickett</u>, 621 A.2d at 467 (emphasis added).

that it knew or recklessly disregarded its lack of a reasonable basis in denying the claim. <u>Greene v. United Servs. Auto. Ass'n</u>, 936 A.2d 1178, 1189 (Pa. Super. Ct. 2007).

Here, Dr. Hayes alleges that the defendants had no reasonable basis for denying his claim because they knew, at the time that they found him to be totally disabled, that he was able to work part-time and therefore acted unreasonably when they terminated his benefits on the ground that he was observed to be practicing medicine. Dr. Hayes also alleges that the defendants acted unreasonably in finding that he was no longer disabled, when both his treating physician and the defendants' nurse evaluator found him to have a herniated disk with nerve impingement. Compl. ¶¶ 31-41, 44-45, 47-49, 62, 79-79.

These factual allegations, taken as true for purposes of resolving the motion to dismiss, are sufficient to state a plausible claim at this stage of the proceedings that the defendants acted unreasonably and in bad faith in denying his claim. The Court will therefore deny the defendants' motion to dismiss the statutory bad faith claim.

An appropriate Order will be entered separately.