

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH T. HAYES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN INTERNATIONAL | : | |
| GROUP, et al. | : | NO. 09-2874 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                November 8, 2012

   In this action, pro se Plaintiff seeks long term disability benefits under the terms of a disability policy issued by The United States Life Insurance Company/American International Group (collectively "U.S. Life"), and administered by Disability Reinsurance Management Services ("DRMS"). Presently before the Court are the following discovery-related motions:[1] U.S. Life's motion to enforce court order and sanctions (Doc. 179), Plaintiff's response thereto and cross-motion for sanctions (Doc. 196), Plaintiff's motion for reconsideration of a prior motion seeking to compel Defendants to explain and/or justify their correspondence with certain agencies of the State of New Jersey (Doc. 186), and Plaintiff's motion to extend time to complete discovery (asserted as part of Doc. 204). For the reasons that follow, the motions will be denied.

---

  [1] The Honorable Mary A. McLaughlin has referred the matters discussed herein to the undersigned.

I.    **RELEVANT PROCEDURAL HISTORY**

This case has a lengthy and convoluted procedural history, in part because Plaintiff initially retained a series of counsel and then proceeded pro se.[2] Most relevant for present purposes, on July 26, 2012, I issued an Order staying discovery in this matter for 60 days, or until September 25, 2012. See Doc. 175. In that Order, I also rescheduled the 14 hours of Plaintiff's deposition previously ordered by Judge McLaughlin; gave Plaintiff until September 14, 2012, to file a motion seeking any further delay of his continued deposition; dismissed as moot U.S. Life's motion for partial reconsideration (Doc. 153) related to two CDs sought from Plaintiff's expert, based on representations that they would be provided; exempted a defense discovery subpoena to Global Medical Billing ("GMB") from the stay; and construed a 10-page "motion" filed by Plaintiff as a motion for partial reconsideration of an earlier Order dated July 19, 2012 (Doc. 163), and dismissed the "motion" (subsequently docketed as Doc. 176) without prejudice as moot in view of the stay. See Doc. 175.

Despite the stay, correspondence and motion practice continued. For example, in a letter dated August 1, 2001, counsel for U.S. Life informed the court that two CDs provided by Plaintiff's expert in response to a subpoena were blank. On August 6, 2012, a signed stipulation of disclosure, confidentiality and protective order was filed (Doc. 178), clearing the way for GMB to provide medical records responsive to a defense subpoena. In addition, Plaintiff sent numerous letters to the Court and/or defense

---

[2]On June 27, 2012, I held oral argument on Plaintiff's counsel's motion to withdraw, which I granted by Order dated June 28, 2012. See Doc. 139. Plaintiff thereafter elected to proceed pro se.

2

counsel, several of which were not filed because they included discussions of the parties' settlement positions.[3]

On August 15, 2012, Defendant U.S. Life filed a motion for sanctions and to enforce order, accusing Plaintiff of violating the stay by "bombarding" Defendants with e-mails and continued discovery requests, raising new objections to certain discovery, and for providing blank CDs from his expert. See Doc. 179. In its motion, U.S. Life seeks sanctions consisting of dismissal of the case in its entirety or an order instructing Plaintiff to cease and desist, and in any event ordering Plaintiff to pay $3,000. See id.

On September 10, 2012, Defendant U.S. Life filed a Notice of a fax transmittal from GMB dated August 23, 2012, noting that Plaintiff had contacted personnel at the company to tell them that a motion to quash the subpoena to GMB remained pending, and that the company would "hold" the files pending further instructions from counsel. See Doc. 186. No such motion to quash was pending or had been deemed to be pending at that time.

On September 12, 2012, Plaintiff filed a motion entitled "Motion Requesting that Plaintiff's Motion of July 19, 2012 Be Reinstated . . ." seeking to compel Defendants to provide information concerning communications with certain New Jersey agencies. See Doc. 186. In other words, Plaintiff sought to have the Court revisit his 10-page

---

[3] The Court notes that pro se Plaintiff reported difficulty obtaining permission to file documents via the Court's ECF electronic filing system. By Order dated September 10, 2012, I directed the Clerk's Office to provide Plaintiff with an ECF password upon request. See Doc. 184. Thereafter, Plaintiff obtained a password and began filing his motions directly via the ECF system.

"motion" with exhibits which had been belatedly docketed at Doc. 176, and which had been dismissed without prejudice in view of the discovery stay. See Doc. 175.

By Order dated September 24, 2012 – the eve of discovery stay's expiration – I cancelled Plaintiff's deposition and, among other things, gave Plaintiff two weeks to respond to U.S. Life's motion for sanctions and to enforce order (Doc. 179), and gave Defendants two weeks to respond to Plaintiff's motion for reconsideration (Doc. 186). See Doc. 193. Plaintiff subsequently filed a timely response to U.S. Life's motion, asserting a cross-claim for sanctions, see Doc. 196, and both Defendants filed timely responses to Plaintiff's motion. See Docs. 197 & 200. Plaintiff also filed a reply in support of his motion, which includes a motion to extend time to complete discovery. See Doc. 204. DRMS filed a response in opposition to Plaintiff's motion to complete discovery. See Doc. 209.[4] These matters are now fully briefed and ripe for review.

## II. DISCUSSION

A trial court has broad discretion to fashion discovery-related orders. See Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court."). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (citations omitted). With this in mind, I turn to the parties' discovery disputes.

---

[4]Plaintiff replied to DRMS's response by letter dated November 7, 2012, which was faxed to my chambers and copied to defense counsel. Plaintiff did not file the letter due to a power outage, and I decline to do so because the letter also mentions the parties' settlement discussions. However, I have considered the letter in adjudicating these motions.

4

### A.     Cross-Motions for Sanctions (Docs. 179 & 196)

U.S. Life filed a motion to enforce court order and sanctions (Doc. 179), Plaintiff filed a response thereto along with a cross-motion for sanctions (Doc. 196), and U.S. Life filed a reply (Doc. 205). In its motion, U.S. Life avers that Plaintiff violated the discovery stay Order by "bombarding" Defendants with e-mails and continued discovery requests, raising new objections to certain discovery, and providing blank CDs from his expert. See Doc. 179. U.S. Life seeks sanctions consisting of dismissal of the case in its entirety or an order instructing Plaintiff to cease and desist, and in any event ordering Plaintiff to pay $3,000. See Doc. 179. In his response and cross-motion, Plaintiff requests, among other things, that the two blank CDs provided by his expert be examined by the State of New Jersey (which produced the disks) and that Defendant U.S. Life be fined $3,000 for violating the stay and filing a "misleading" motion. See Doc. 196 at 6-7.[5]

U.S. Life's motion for sanctions rests on four alleged bases – harassment caused by a stream of emails and letters sent to Defendants by Plaintiff despite the stay, Plaintiff's newly raised objections to Court-approved subpoenas to Plaintiff's physicians (Dr. Franzoni and Dr. Baum), Plaintiff's interference with a defense subpoena for records from GMB, and the two blank CDs provided by Plaintiff's expert in response to a defense subpoena. See Doc. 179 at 1-6. The latter three discovery-related bases have been or

---

[5] Page numbers refer to the Court's ECF pagination.

will be separately dealt with by the Court.[6] As for the "barrage" of e-mails and letters sent to Defendants during the stay, the Court notes that Plaintiff was acting pro se and did not yet have access to the Court's electronic docketing system, which he obtained only after I issued an Order dated September 10, 2012, directing the Clerk's Office to provide Plaintiff with an ECF password upon request. See Doc. 184. Thereafter, Plaintiff obtained a password and began filing his motions and other correspondence directly via the ECF system. Although pro se Plaintiff's numerous e-mails and letters were no doubt problematic for Defendants, I find that they did not rise to the level of deliberate harassment sufficient to warrant any of the sanctions requested by U.S. Life. Therefore, the defense motion will be denied.

In his response to U.S. Life's motion, Plaintiff asserts a cross-motion for sanctions on the basis that the defense motion violates the discovery stay and is "misleading." See Doc 196 at 7. The defense motion sought to enforce the stay Order, and so therefore I do not find that the defense motion violated that Order. In addition, Plaintiff's characterization of the defense motion as "misleading" is neither surprising given his opposition to the motion, nor a basis upon to which to grant a cross-motion for sanctions. Therefore, Plaintiff's motion will also be denied.

---

[6]Specifically, Defendants have received the requested records from Dr. Baum and Dr. Franzoni, the latter following in camera review and redaction of references to Plaintiff's former counsel contained in the treatment notes. See Doc. 201 n.2. By Order dated October 15, 2012, I granted Defendant U.S. Life's motion to enforce subpoena against GMB. See Doc. 206. U.S. Life has now filed a motion for sanctions against GMB for failure to comply with the subpoena, which will be addressed separately. See Doc. 210. The issue of the two blank CDs provided by Plaintiff's expert in response to a defense subpoena will also be dealt with separately.

B.     **Plaintiff's Motion for Reconsideration (Doc. 186)**

Plaintiff filed a "motion requesting that Plaintiff's motion of July 19, 2012 be reinstated" (Doc. 186), in effect requesting reconsideration of a prior motion in which Plaintiff sought, among other things, to compel Defendants to explain and/or justify their correspondence with certain agencies of the State of New Jersey (Doc. 176). Plaintiff's original motion with exhibits had been denied without prejudice in view of the stay. See Doc. 175. Pursuant to my Order dated September 24, 2012 (Doc. 193), Defendants Disability RMS and U.S. Life filed responses to the motion for reconsideration (Docs. 197 & 200), and Plaintiff thereafter filed a reply (Doc. 204).

In seeking to have his prior motion reinstated, Plaintiff presently seeks to compel Defendants to answer the following two questions:

> A. Why they opine that the plaintiff's disability policy is a total disability policy and not an Own Occupational/Own Specialty Police.
>
> B. Why AIG/DRMS advised the New Jersey Department of Banking and Insurance, The NJOIFP and the Superior Court of New Jersey Ocean County that my policy is a Total Disability Policy.

Doc. 186 at 1. Plaintiff asserts that the questions raised are crucial "since a truthful and accurate answer will substantiate the Plaintiff's claim and invalidate the defenses [sic] counterclaim." Id. at 4.

Both Defendants argue that Plaintiff's motion contains bald assertions and unsupported allegations of fact, and that the issues raised by Plaintiff have already been addressed at least twice by this Court. See Doc. 197 ¶¶ 1-2, 8; Doc. 200 ¶¶ 5-11. Both

Defendants also argue that the information Plaintiff seeks should have been sought by way of interrogatories or a deposition question, but that the time for such fact discovery has long since passed. See Doc. 197 ¶ 7; Doc. 200 ¶¶ 3-4. Defendant DRMS further argues that Plaintiff's assertions do not apply to it. See Doc. 197 at ¶ 6.

As I have previously ruled in this case, Plaintiff's form of motion practice is generally not acceptable, despite his pro se status, as bald assertions and unsupported allegations of fact are not tolerated. See Doc. 163 at 1 (citing Carter v. Wagner, 11-0461, 2012 WL 726223 at *1 (W.D. Pa. Jan. 31, 2012) ("While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward requirements . . . .")). However, giving pro se Plaintiff the full benefit of the doubt, I conclude that he has attempted to document at least some of his allegations with reference to exhibits, most of which were attached to the original motion he seeks to have reinstated. See Doc. 175.

The problem for Plaintiff is that the questions he seeks to have answered could have been answered long ago when discovery in this matter was open. Instead, following several lengthy extensions, fact discovery ended on March 15, 2012, by Order of Judge McLaughlin, see Doc. 117, with the exception of certain specific discovery matters discussed in the next section. Moreover, questions concerning the type of insurance policy at issue cannot be resolved by the sort of additional discovery Plaintiff seeks, but is instead best left to fact-finding during trial, which in turn is informed by documents admitted into evidence as well as direct witness testimony and cross-examination. Plaintiff appears to understand this, as for example he states in the present motion that he

8

"will present into evidence transcripts of a grand jury hearing held April 15, 2010, transcripts from a hearing of oral argument in New Jersey Superior Court on March 9, 2012, and a plethora of documentation from AIG and [DRMS] to investigators in New Jersey and others that claim Plaintiff's policy was a total disability policy and not an OWN OCC/OWN Specialty Policy." Doc. 186 at 4. Thus, Plaintiff will attempt to prove his case at trial by offering to introduce the relevant insurance policy and other documents into evidence, including various New Jersey court documents. However, there is no Federal Rule of Civil Procedure that permits a party to require the "justification" of factual allegations made by opposing parties.

In sum, to the extent pro se Plaintiff's motion seeks additional discovery, the request is untimely, and to the extent the motion contains allegations supported by exhibits, they do not compel Defendants to justify their factual allegations. Therefore, the motion will be denied.

### C. Plaintiff's Motion to Extend Time to Complete Discovery (Doc. 204)

As part of his reply in support of his motion for reconsideration, Plaintiff also asserted a motion to extend time to complete discovery, see Doc. 204, to which DRMS filed a response, see Doc. 209, and Plaintiff submitted a letter reply dated November 7, 2012.[7] In his motion, Plaintiff seeks reconsideration of a previous Order denying an extension of discovery to subpoena records from Ocean County, New Jersey, and the opportunity to obtain responses to interrogatories from three individuals. See id. at 4.

---

[7]As previously stated, Plaintiff did not file the letter due to a power outage, and the Court will not do so because the letter also references settlement discussions.

By Order dated January 25, 2012, Judge McLaughlin required all fact discovery to be completed by March 15, 2012. See Doc. 117. No extension was sought by any party, with the exception of defense requests seeking additional time to depose Plaintiff and to compel production (Docs. 122 & 124) – which Judge McLaughlin granted in part and denied in part on April 6, 2012 (Doc. 127) – and Plaintiff's motion seeking an extension of the discovery schedule (Doc. 143), which I denied (Doc. 163). Therefore, discovery in this matter is long closed, with the exception of specific ongoing issues concerning the remainder of Plaintiff's deposition, GMB's compliance with my Order enforcing a defense subpoena for records (Doc. 206), and the blank CDs provided by Plaintiff's expert in response to a defense discovery request. Accordingly, Plaintiff's attempt to obtain additional discovery is denied.

An appropriate Order follows.