IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSEPH T. HAYES | : CIVIL ACTION |
|---|---|
| v. | : |
| AMERICAN INTERNATIONAL GROUP, et al. | : NO. 09-2874 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.  February 25, 2013

In this action, pro se Plaintiff seeks long term disability benefits under the terms of a disability policy issued by The United States Life Insurance Company/American International Group (collectively "U.S. Life"), and administered by Disability Reinsurance Management Services, Inc. ("DRMS"). Presently before the Court is Plaintiff's motion requesting an adjustment to the remainder of his deposition (Doc. 182) and Defendant DRMS's response thereto (Doc. 188).[1] On February 11, 2013, I held an evidentiary hearing so that Plaintiff could present testimony from Raymond M. Baum, M.D., his treating psychiatrist. For the reasons that follow, the motion will be granted in part and denied in part.

---

[1] The Honorable Mary A. McLaughlin has referred this matter to the undersigned. Defendant U.S. Life did not file a formal response to the motion. However, I note that this case has a convoluted procedural history and numerous motions raising multiple issues. Thus, U.S. Life has addressed the issue of Plaintiff's additional deposition numerous times, including in pleadings before Judge McLaughlin, teleconferences with the undersigned, and in Doc. 205 (response to Plaintiff's cross-motion for sanctions) and Doc. 224 (response to Plaintiff's letter motion at Doc. 218 addressing multiple issues, including his additional deposition).

# I. RELEVANT PROCEDURAL HISTORY

By Order dated April 6, 2012, Judge McLaughlin permitted an extra fourteen hours for Plaintiff's deposition – seven hours for Defendant U.S. Life and seven hours for Defendant DRMS – to be held in addition to twelve hours of deposition which had previously occurred. See Doc. 127. Plaintiff filed a motion to rescind the fourteen hours of additional time to complete his deposition, see Doc. 143, which I denied by Order dated July 19, 2012. See Doc. 163.[2] Thereafter, Plaintiff submitted multiple letters seeking to delay or limit the deposition (Docs. 158, 173 & 174), and on July 26, 2012, I issued an Order staying discovery in this matter for 60 days, or until September 25, 2012. See Doc. 175. In that Order, I also rescheduled the fourteen hours of Plaintiff's deposition previously ordered by Judge McLaughlin, and gave Plaintiff until September 14, 2012, to file a motion seeking any further delay of his continued deposition. See id. By Order dated September 24, 2012 – the eve of the discovery stay's expiration – I cancelled Plaintiff's scheduled deposition and gave the parties two weeks to address other discovery disputes. See Doc. 193.

On September 6, 2012, Plaintiff filed the present motion requesting an adjustment to his deposition schedule, once again requesting that the previous order granting fourteen additional hours of deposition be vacated or reduced to two hours, one hour for each Defendant. See Doc. 182 at 2. Plaintiff avers that he has post-traumatic stress disorder ("PTSD") and depression which preclude him from continuing with his

---

[2] I did schedule the deposition in two-hour increments upon consideration of letters submitted by Plaintiff's physician and psychologist. See Doc. 163 at 3 n.6.

2

deposition, and he submitted letters from Dr. Raymond Baum, his treating psychiatrist, and Dr. Edward Franzoni, his treating psychologist. Specifically, Dr. Franzoni opined by letter dated August 31, 2012, that it would be preferable if Plaintiff were not deposed, but that if his deposition was unavoidable, the total number of deposition hours be reduced, and Dr. Baum opined by letter dated September 5, 2012, that Plaintiff "will be unable to be deposed indefinitely." See Doc. 190 (both letters).

Defendant DRMS filed a response on September 14, 2012. See Doc. 188. Defendant argues that Plaintiff's request is inappropriate because it is the fourth time he has revisited the issue of his additional deposition hours. Id. ¶ 5. In addition, Defendant argues that neither doctor has diagnosed Plaintiff with PTSD, and that no further restrictions on Plaintiff's deposition are supported by the medical documentation. Id. ¶ 7.

I scheduled an evidentiary hearing on Plaintiff's motion for January 25, 2013. See Doc. 219. By letter dated January 12, 2013, which was sent to the court in anticipation of the scheduled hearing, Dr. Baum stated that Plaintiff "continues to struggle with the symptoms of refractory severe recurrent depression that . . . can also produce anger and irritability," and that his response to changed medications has been "poor." Doc. 220. Dr. Baum diagnosed Plaintiff with Major Depression, Recurrent, Severe, Panic Disorder without Agoraphobia, and Generalized Anxiety Disorder. Id. The doctor repeated his prior opinion that Plaintiff "will be unable to be deposed indefinitely." Id.

Plaintiff failed to present any medical witnesses at the January 25, 2013, evidentiary hearing, and I granted his continuance request and rescheduled the hearing for February 11, 2013. See Doc. 235. Dr. Baum testified on that date concerning his

3

treatment of Plaintiff, including adjustments to his medications, as well as the bases of his opinion set forth in letters dated September 9, 2012, and January 12, 2013, that Plaintiff would be unable to be deposed "indefinitely." See N.T. 02/11/13 at 3-76. Neither Plaintiff nor Defendants presented any other witnesses.

## II. DISCUSSION

A trial court has broad discretion to fashion discovery-related orders. See Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court."). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (citations omitted).

Here, Plaintiff seeks an order vacating Judge McLaughlin's April 6, 2012, order authorizing an additional fourteen hours of deposition or, in the alternative, an order reducing his additional deposition to two hours. See Doc. 182. In support of his motion, Plaintiff relies on the opinion and testimony of his treating psychiatrist, Dr. Baum. As previously noted, Dr. Baum in his letters dated September 9, 2012, and January 12, 2013, opined that Plaintiff "will be unable to be deposed indefinitely." See Docs. 190 & 220. During the evidentiary hearing, Dr. Baum explained that he based this opinion on four factors: Plaintiff's emotional decompensation during his original twelve-hour deposition, his diagnoses which result in a "significant decrease in attention and concentration," the "extremely stressful" combination of pro se Plaintiff acting as both witness and attorney, and the sedative effect of his prescribed medications and their inter-actions. N.T.

4

02/11/13 at 8-14. When specifically asked why Plaintiff would be unable to be deposed "indefinitely," Dr. Baum explained that it was based on the "relatively long time" he had treated Plaintiff, his "various remissions" and "fragile emotional state," his "deterioration despite full compliance with treatment," and the decompensation Plaintiff experienced during his prior deposition. Id. at 21. When asked on cross-examination whether his opinion would also apply to Plaintiff's ability to act as a witness and attorney at trial, Dr. Baum opined that a "deposition is infinitely more stressful" because trials are "a more orderly . . . process." Id. at 50-51.

Dr. Baum conceded that he did not know exactly how Plaintiff's prior twelve hours of deposition had occurred, and that the doctor was only familiar with the portions of the deposition transcript which Plaintiff had provided, including the portion where he decompensated. N.T. 02/11/13 at 51-52. When presented with a scenario in which a deposition would occur in a room with an attorney, a court reporter, and the judge presiding for a limited period of two hours at a time, Dr. Baum stated that such a proceeding in a "controlled manner . . . would be possible." Id. at 51. Similarly, when asked by defense counsel whether Plaintiff could sit for a deposition in a "controlled situation" with the undersigned presiding and Plaintiff being given ample time to think about and answer questions, Dr. Baum stated: "Under those circumstances, which I think were different from the circumstances I was looking at, that that would be possible." Id. at 52. Dr. Baum reiterated this opinion when reassured that the undersigned would personally oversee Plaintiff's deposition and would intervene to pause or halt the process if Plaintiff experienced a decompensation or "meltdown." Id. at 53.

Dr. Baum testified that he would limit Plaintiff's deposition to two hours at a time. N.T. 03/11/13 at 59. When asked to explain this time restriction, Dr. Baum explained that it was his understanding that the limitation had been set by the Court, and that "I think that is all he could handle at a time, it's as simple as that." Id. at 59-60. When asked to clarify whether the two-hour restriction meant successive two hours or a total of two hours, Dr. Baum explained that "I think of it as a total of two hours, but ultimately that would be up to the Judge to decipher." Id. at 76.

Plaintiff argued during the evidentiary hearing that by failing to obtain an Independent Medical Examination (IME), Defendants in effect accepted the expert medical opinion of his treating physicians, including Dr. Baum. N.T. 02/11/13 at 86-87. Plaintiff further argues that in the absence of any contrary medical opinion evidence, defense counsel expect the court to accept their lay opinions over those of his treating physicians. Id. at 87-88. Plaintiff's arguments are flawed for two reasons. First, Defendants were not obligated to obtain an IME because Plaintiff, as the moving party, bears the burden of proof to show that he is incapable of being deposed for fourteen additional hours as ordered by Judge McLaughlin. In the context of an evidentiary hearing, it is perfectly acceptable for non-moving parties to challenge a moving party's evidence by cross-examination of witnesses rather than the presentation of contrary evidence. Second and more important, Dr. Baum's testimony supports the conclusion that Plaintiff can be deposed under the sort of "controlled manner" discussed at the

evidentiary hearing – specifically, for two hours at a time, personally overseen by the undersigned, and with ample time to think about and answer questions.[3]

As a result of the foregoing, I will grant Plaintiff's motion in part and deny it in part. I will grant the motion insofar as Plaintiff's fourteen hours of additional deposition time shall occur in two-hour increments over the course of seven days. The deposition shall take place in my courtroom and under my direct supervision, and Plaintiff will be free to sit or stand and take breaks as requested.[4] If the deposition proceeds efficiently and I determine that Defendants do not require the full fourteen hours to complete their questioning of Plaintiff, I will adjust the schedule. The motion is denied in all other respects.

An appropriate Order follows.

---

[3] I also observe that Plaintiff has been able to act and react appropriately during the various hearings in which he has represented himself, including the February 11, 2013, evidentiary hearing which lasted almost two hours.

[4] The time taken for breaks shall be added to each two-hour deposition segment.