IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH T. HAYES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN INTERNATIONAL | : | |
| GROUP, et al. | : | NO. 09-2874 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                             May 2, 2013

In this action, pro se Plaintiff seeks long term disability benefits under the terms of

a disability policy issued by The United States Life Insurance Company/American

International Group (collectively "U.S. Life").  Presently before the Court are three

motions filed by pro se Plaintiff: (1) a motion for a protective order (Doc. 247),

Defendant's response (Doc. 251), Plaintiff's letter reply (Doc. 261), and Defendant's sur-

reply (Doc. 272); (2) an "emergency motion for relief seeking reconsideration . . . and

sanctions" (Doc. 250), Defendant's response (Doc. 262) and Plaintiff's reply (Doc. 268);

and (3) an "emergency motion for protection and reconsideration" (Doc. 256),

Defendant's response (Doc. 267), and Plaintiff's letter reply (Doc. 271).[1]  For the reasons

that follow, Plaintiff's motion for a protective order will be denied as moot and the

pending portions of Plaintiff's "emergency motions"[2] will be denied as moot in part and

---

[1] The Honorable Mary A. McLaughlin has referred these matters to the
undersigned.

[2] As will be more fully explained herein, portions of Plaintiff's two "emergency
motions" (Docs. 250 & 256) have been previously denied, along with instructions for

otherwise denied.

## I.   <u>RELEVANT PROCEDURAL HISTORY</u>[3]

By Order dated April 6, 2012, Judge McLaughlin permitted an extra fourteen hours for Plaintiff's deposition – seven hours for Defendant U.S. Life and seven hours for Defendant DRMS – to be held in addition to twelve hours of deposition which had previously occurred.  <u>See</u> Doc. 127.  Significant discovery-related motion practice occurred over the next several months, followed by a discovery stay, additional post-stay motion practice related to Plaintiff's deposition, and an evidentiary hearing on Plaintiff's motion to vacate or modify the order granting his additional deposition time.  By Memorandum and Order dated February 25, 2013, I granted Plaintiff's motion to modify his deposition to the extent that it would be held in two-hour increments and be overseen by the undersigned, but denied the motion in all other respects.  <u>See</u> Docs. 241 & 242. Consistent with a schedule set forth by separate Order dated March 7, 2013, U.S. Life deposed Plaintiff for seven hours over the course of four days, with no single deposition increment exceeding two hours.  <u>See</u> Doc. 245.[4]  The deposition took place in my courtroom under my direct supervision.  Based on Plaintiff's stipulation of dismissal as to

---

Defendant to respond to the remainder of the motions in the normal course.  <u>See</u> Docs. 255 & 257.

[3] More detailed procedural histories of this convoluted case may be found in prior memoranda and orders.  <u>See</u>, <u>e.g.</u>, Docs 213 & 241.

[4] Plaintiff was deposed by counsel for U.S. Life for two hours on April 8, 2013, April 12, 2013, and April 17, 2013, and for one hour on April 19, 2013.

DRMS, DRMS did not conduct any further deposition of Plaintiff.  See Doc. 270 (Stipulation and Order of Dismissal with Prejudice signed by Judge McLaughlin).

Meanwhile, Plaintiff filed three new motions.  First, on March 20, 2013, Plaintiff filed a "Motion for Protection . . ." seeking a court order limiting the duration and scope of his then-impending deposition and allowing him to assert objections and claims of privilege when appropriate.  See Doc. 247.  Second, on April 4, 2013, Plaintiff filed an "Emergency Motion for Relief Seeking Reconsideration . . . and Sanctions upon Defendants AIG and DRMS," seeking reconsideration of two prior Orders related to his deposition.  See Doc. 250.  Third, on April 5, 2013, Plaintiff filed an "Emergency Motion for Protection and Reconsideration . . ." of three prior Orders related to his deposition. See Doc. 256.  As will be explained more fully in the Discussion section, the first motion has been denied in its entirety and is in any event moot now that Plaintiff's deposition has occurred, and portions of the two "emergency" motions have also been addressed in prior Orders.  The parties have now fully briefed the motions.

## II.   DISCUSSION

A trial court has broad discretion to fashion discovery-related orders.  See Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court.").  In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (citations omitted).

A.   **Plaintiff's motion for protection (Doc. 247)**

On March 20, 2013, Plaintiff filed a "Motion for Protection According to Title 5 of the Federal Rules of Civil Procedure Rule 26," seeking a court order limiting the duration and scope of his then-impending deposition and allowing him to assert objections and claims of privilege when appropriate.  See Doc. 247.  Defendant filed a response to the motion on April 3, 2013 (Doc. 251), Plaintiff submitted a letter reply dated April 4, 2013 (Doc. 261), and U.S. Life filed a sur-reply on April 29, 2013 (Doc. 272).

By Order dated April 4, 2013, I granted the motion to the extent Plaintiff sought permission for his wife to accompany him to his deposition, and denied the motion "in all other respects."  See Doc. 255 ¶ 2.  As a result, this motion has already been addressed.  Moreover, as U.S. Life argues in its sur-reply, Plaintiff's deposition is now complete and therefore the matters raised in the motion are moot.  Therefore, this motion will be denied as moot.

B.   **Plaintiff's emergency motion for reconsideration and sanctions (Doc. 250)**

On April 4, 2013, Plaintiff filed an "Emergency Motion for Relief Seeking Reconsideration . . . and Sanctions upon Defendants AIG and DRMS."  See Doc. 250.  Specifically, Plaintiff seeks reconsideration of Orders setting forth his deposition schedule and denying a prior motion to reconsider a memorandum and order which granted in part and denied in part his request to adjust the remainder of his deposition.  See Docs. 245 & 246.  Plaintiff also alleges that Defendants improperly obtained patient

4

medical records, improperly communicated with Plaintiff's former attorneys, and affirmatively misled the court concerning various confidential stipulations. <u>See</u> Doc. 250 at 1-6. In his request for relief, Plaintiff seeks a stay of his deposition, dismissal of Defendants' counter-claims, judgment in his favor and an award of compensatory damages of $720,000, a fine of $10,000 to be levied on Defendants, and fines of $3,000 against three of Plaintiff's former attorneys for alleged breach of their fiduciary duties. <u>See</u> Doc. 250 at 6.

By Order dated April 4, 2013, I denied this motion to the extent it requested a stay or cancellation of Plaintiff's deposition, and ordered Defendants to respond to the remainder of the motion. <u>See</u> Doc. 255 ¶ 1.[5] On April 17, 2013, Defendant U.S. Life filed a response arguing that the motion lacks a legal and factual basis for the relief sought, medical documents were obtained via a valid subpoena issued pursuant to a "Stipulation of Disclosure, Confidentiality, and Protective Order" entered by Judge McLaughlin (see Doc. 73), any records obtained from Plaintiff's prior counsel were subpoenaed and produced by third-parties while Plaintiff was represented, and defense counsel did not mislead the court. <u>See</u> Doc. 262 at 1-4. On April 24, 2013, Plaintiff filed a reply brief that reiterated his accusations, particularly regarding Defendants' alleged improper acquisition of documents protected by attorney-client privilege, as well as documents subject to regulations regarding patient confidentiality. <u>See</u> Doc. 268.

---

[5] As previously stated, Defendant DRMS has been released from the case. Therefore, those portions of the motion which are directed to DRMS are moot.

It has been pro se Plaintiff's practice during the course of this litigation to mix unsupported allegations with substantive legal argument and to launch highly personal attacks on opposing counsel.  To the extent the motion contains unsupported allegations of fact or personal attacks, the motion is improper.  See Carter v. Wagner, Civ. No. 11-0461, 2012 WL 726223 at *1 (W.D. Pa. Jan. 31, 2012) ("While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward requirements . . . .")).  As explained by U.S. Life, the medical records at issue were obtained from Perfect Transcription pursuant to a subpoena issued pursuant to Federal Rule of Civil Procedure 45 and subject to a confidentiality stipulation negotiated by Plaintiff's attorney at the time, and entered by Judge McLaughlin.  See Doc. 73.  Similarly, the documents which allegedly implicate attorney-client privilege or attorney work product were obtained by subpoena from third parties while Plaintiff was represented.  The documents having been produced, any remedy could be sought by raising an objection if the records are offered into evidence.  In addition, any problems Plaintiff may have with his former attorneys are irrelevant for present purposes and cannot be remedied in this context.

The main purpose of Plaintiff's motion was to preclude the use during his deposition of certain documents obtained in discovery.  Plaintiff's deposition has occurred, and at no time was Plaintiff questioned on matters subject to attorney-client privilege or individual patient information.  Therefore, those portions of the motion related to Plaintiff's deposition or to Defendant DRMS will be denied as moot, and all remaining portions of the motion will be denied.

**C.**   **Plaintiff's emergency motion for protection and reconsideration (Doc. 256)**

On April 5, 2013, Plaintiff filed an "Emergency Motion for Protection and Reconsideration of Court Order[s] 245, 246 and 255" – that is, reconsideration of three Orders related to the scheduling of his deposition.  See Doc. 256.  In the motion, Plaintiff also reiterates prior requests that the court consider issues from a pending criminal trial in New Jersey, including allegations of collusion between defense counsel in this lawsuit and authorities in New Jersey.  See id.  In his request for relief, Plaintiff seeks various clarifications to be made at the start of his deposition, he be allowed various materials during his deposition, and that in view of alleged violations of attorney-client privilege and attorney work product doctrine, discovery be extended so that he may obtain the depositions of four named individuals.  See Doc. 256 at 4.

By Order dated April 5, 2013 – the same day Plaintiff filed the motion – I denied it to the extent that he sought an order placing specific limitations on the conduct of his then-impending deposition.  See Doc. 257.  To the extent the motion requested relief unrelated to the deposition, I ordered Defendants to respond to the motion.  See id.[6]  On April 19, 2013, U.S. Life filed a response arguing that it was entitled to fees as a result of Plaintiff's "pervasive duplicative and oppressive motion practice," that Plaintiff's averments generally lack a legal and factual basis, and that his specific requests should be summarily denied either as moot or frivolous.  See Doc. 267 at 1-6.  Plaintiff submitted a letter reply dated April 29, 2013, arguing that U.S. Life is not entitled to fees and

---

[6] Any aspects of the motion directed to DRMS are moot for the same reasons previously set forth.

requesting hearings on his pending motion at Doc. 250, allegations of collusion between

defense counsel and the State of New Jersey, and concerning documents obtained in

discovery from DRMS.  Underline See Doc. 271 at 4.  Plaintiff reiterated his request for a hearing at

his recent deposition.

To the extent Plaintiff's motion seeks clarifications regarding the conduct of his

deposition or what materials he could keep with him during the deposition, the motion is

denied as moot because I addressed these issues as they arose during the deposition,

which is now completed.  Similarly, matters directed to DRMS are moot in light of the

stipulation signed by counsel, pro se Plaintiff and Judge McLaughlin dismissing DRMS

from the case.[7]  Plaintiff's request for a hearing on his motion at Doc. 50 is rendered

moot by operation of this Memorandum and Order denying that motion.  To the extent

Plaintiff continues to allege collusion or other improper conduct between counsel for U.S.

Life in this case and officials in New Jersey, I reiterate admonitions made previously –

both verbally and in writing – that such allegations are not relevant for purposes of the

motions before the undersigned.  To the extent Plaintiff seeks discovery to be extended so

that he may obtain the depositions of four named individuals, the request is denied.

Plaintiff requests the additional discovery "[i]n view of the evidence that there has been a

breach in confidentiality with respect to attorney privilege and attorney work product."

---

[7] In his letter reply to this motion (see Doc. 271 at 3-4), in a "Request for
Immediate Interim Stay of Release of DRMS" (see Doc. 269), and in a letter dated May
1, 2013 (see Doc. 274), Plaintiff avers that U.S. Life improperly seeks to have discovery
obtained from DRMS "rendered moot" in light of DRMS having been released from the
case.  Clearly, even though DRMS has been dismissed, discovery obtained from DRMS
remains part of the case, and the parties will address those materials as they would any
other discovery materials as the case moves forward.

<u>See</u> Doc. 256 at 4 ¶4.  However, as discussed with regard to the previous motion, I find no evidence that the attorney-client privilege or attorney work product doctrine was violated, and in any event no documents implicating those concerns were utilized during Plaintiff's deposition.

Lastly, although most of the issues raised by pro se Plaintiff in this and other motions have been the subject of previous motion practice and Orders, it does not appear that Plaintiff filed this motion in bad faith or with an ulterior motive such as harassment or delay, as Defendant suggests.  <u>See</u> Doc. 267 at 1-2.  Therefore, U.S. Life's request for fees will be denied.

An appropriate Order follows.