IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH T. HAYES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN INTERNATIONAL | : | |
| GROUP, et al. | : | NO. 09-2874 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                June 3, 2013

In this action, pro se Plaintiff seeks long term disability benefits under the terms of

a disability policy issued by The United States Life Insurance Company/American

International Group (collectively "U.S. Life"), and U.S. Life has counter-claimed for the

return of benefits paid under the policy.  Presently before the Court is U.S. Life's motion

for additional discovery (Doc. 277).[1]  For the reasons that follow, Defendant's motion

will be granted in part and denied in part.

## I.   RELEVANT PROCEDURAL HISTORY[2]

By Order dated April 6, 2012, Judge McLaughlin permitted an extra fourteen

hours for Plaintiff's deposition – seven hours for Defendant U.S. Life and seven hours for

Defendant DRMS – to be held in addition to twelve hours of deposition which had

previously occurred.  See Doc. 127.  Significant discovery-related motion practice

---

[1] The Honorable Mary A. McLaughlin has referred this matter to the undersigned. See Doc. 278.

[2] More detailed procedural histories of this convoluted case may be found in prior memoranda and orders.  See, e.g., Docs 213, 241 & 275.

occurred over the next several months, ultimately resulting in U.S. Life taking seven additional hours of deposition over the course of four days, with no single deposition increment exceeding two hours.  <u>See</u> Doc. 245.[3]  Based on Plaintiff's stipulation of dismissal as to DRMS, DRMS did not conduct any further deposition of Plaintiff.  <u>See</u> Doc. 270 (Stipulation and Order of Dismissal with Prejudice signed by Judge McLaughlin).

The discovery deadline in this matter has long since passed.  However, on April 19, 2013, I entered an Order allowing discovery-related motions based upon new matters arising out of Plaintiff's deposition.  <u>See</u> Doc. 266.  On May 3, 2013, U.S. Life filed the present motion seeking additional discovery arising out of Plaintiff's deposition.  <u>See</u> Doc. 277.  Plaintiff filed a response on May 15, 2013, U.S. Life filed a reply in support of its motion on May 23, 2013, and Plaintiff filed a sur-reply on May 29, 2013.  <u>See</u> Docs. 280-82.  The matter is now fully briefed.

## II.   <u>DISCUSSION</u>

A trial court has broad discretion to fashion discovery-related orders.  <u>See</u> <u>Florsheim Shoe Co., Div. of Interco, Inc. v. United States</u>, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court.").  In the Third Circuit, "it is well recognized that the federal

---

[3] Plaintiff was deposed by counsel for U.S. Life for two hours on April 8, 2013, April 12, 2013, and April 17, 2013, and for one hour on April 19, 2013.  Although the deposition transcripts are not part of the motion record, I personally supervised the deposition and therefore have personal knowledge of what transpired.

2

rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (citations omitted).

### A.      Plaintiff's 2005 and 2006 Appointment Books

Defendant U.S. Life first seeks to compel production of Plaintiff's 2005 and 2006 appointment books. See Doc. 277 ¶¶ 2-3; Doc. 281 at 1-3. The appointment books are clearly relevant for the purpose of showing Plaintiff's work activities during the period of time during which he represented that he was not gainfully employed. Also, they were previously requested in discovery, and at the deposition Plaintiff testified that he did not understand why they were not previously produced because he gave all of his appointment books to his prior attorneys.

As for Plaintiff's 2005 appointment book, Plaintiff avers in his sur-reply that he located an original of the appointment book in digital format and has provided same to defense counsel. See Doc. 282 at 4. As a result, U.S. Life's motion will be denied as moot as to the 2005 appointment book.

As for the 2006 appointment book, Plaintiff argues in his response that he previously provided copies of the appointment books for the years 2002 through 2010, and that in any event he gave the original appointment book to his former counsel. See Doc. 280 at 2. In his sur-reply, Plaintiff additionally argues that the 2006 appointment book is irrelevant because defense counsel did not question him about it during his deposition. See Doc. 282 at 4. Plaintiff is incorrect. As noted, the 2006 appointment book was included in discovery requests made earlier in this case and therefore ought to have been provided along with the other appointment books, and Plaintiff testified that he

3

could not explain why the 2006 appointment book had not been produced.  Thus, there is

rationale for distinguishing between the 2005 and 2006 appointment records in this

regard.  Additionally, U.S. Life has not requested that Plaintiff produce an original of his

2006 appointment book, but rather a true and correct copy of the appointment book.

Therefore, to the extent Plaintiff possesses either the original or a copy of the

appointment book, he must provide it.  To the extent Plaintiff does not possess either the

original or a copy of the 2006 appointment book and it is in the possession of his former

counsel, Plaintiff is directed to obtain it from counsel and then provide it to U.S. Life.

### B.   Plaintiff's Fee Agreements

Defendant U.S. Life also seeks to compel production of Plaintiff's fee agreements

with his former counsel, or in the alternative seeks leave to serve subpoenas on the

lawyers and/or firms to produce their fee arrangements and documents evidencing the

amount of fees paid from 2007 to the present.  See Doc. 277 ¶¶ 5-10; Doc. 281 at 3-4.

U.S. Life does not explain the relevance of Plaintiff's lawyer's fees other than to say that

Plaintiff's tax returns show the receipt of over $300,000, and that when asked where the

money is, Plaintiff testified that he used it to pay his lawyers.  Thus, U.S. Life appears to

argue that the records are relevant to test Plaintiff's credibility.  To effectuate this request,

U.S. Life also seeks to compel the names and addresses of all New Jersey lawyers

Plaintiff paid from the sale of assets in 2009, and copies of documents evidencing

payments made to New Jersey lawyers and/or firms including cancelled checks and bank

statements.  See Doc. 281 at 4.

Plaintiff does not appear to dispute the relevance of the requested information, but does dispute his ability to provide U.S. Life the records it seeks.  Plaintiff argues that two of his former attorneys[4] will not provide their fee agreements to him based on an assertion of privilege, and that he is unable to obtain fee agreements from his other former attorneys[5] because "there is no longer communication between these attorneys and Plaintiff Pro Se."  Doc. 280 at 3.  Apparently in place of the fee agreements, Plaintiff provides a list estimating the amounts he paid to each of his former attorneys.  See Spreadsheet, attached to Doc. 280 at Exh. 1.

I agree with U.S. Life that the attorney-client privilege is not a basis for counsel's refusal to share fee information so long as nothing is revealed about the services performed.  Compare Montgomery County v. Microvote, 175 F.3d 296, 304 (3d Cir. 1999) ("[T]he fee agreement letter is not privileged."), and In re Grand Jury Investigation, 631 F.2d 17, 19 (3d Cir. 1980) (attorney-client privilege does not protect fee agreements absent strong probability that disclosure would implicate client in criminal activity for which client sought legal advice), with Fidelity & Deposite Co. of Maryland v. McCulloch, 168 F.R.D. 516, 523 (E.D. Pa. 1996) (billing records privileged to extent they reveal nature of services performed).  In light of this principle, and given that Plaintiff does not object to providing the information, I conclude that U.S. Life is

---

[4] Identified as William Cunningham and Michael Nolan.  See Doc. 280 at 3.

[5] Identified as Clifford Swift, Damian Zillas, Mark Seltzer, E and David Hoffman. See Doc. 280 at 3.

entitled to records evidencing legal fees billed by and paid to his attorneys in the time frame requested.  However, lacking any information about the nature of the fee agreements between Plaintiff and his former attorneys, I am concerned that the fee agreements could reveal information about the legal services performed.  Therefore, I will not order disclosure of the fee agreements.

In his sur-reply, Plaintiff clarifies that he does not oppose providing the names and addresses of his former counsel for the purpose of the issuance of subpoenas by U.S. Life.  See Doc. 282 at 5.  Accordingly, the motion will be granted to the extent U.S. Life may serve subpoenas on the lawyers and law firms identified by Plaintiff to produce records showing only amounts billed and/or paid to them by Plaintiff from 2007 to the present.

### C.    **Records Related to Dr. Javier**

Lastly, U.S. Life seeks to compel production of documents related to medical products obtained for Dr. Javier, an OB/GYN physician, or in the alternative seeks leave to subpoena Dr. Javier for any documents and communications pertaining to Plaintiff ordering him medical products.  See Doc. 277 ¶ 11; Doc. 281 at 4-5.  U.S. Life argues that these records are relevant to test Plaintiff's credibility given that Plaintiff testified that he purchased the products as a favor because he could get them at a discount and not for use in his own practice.  Plaintiff counters that the information sought is irrelevant and in any event cannot be obtained without hardship.  See Doc. 280 at 4; Doc. 282 at 1-2.

Although the records may have some relevance to Plaintiff's medical practice which is at issue in the case, I will deny U.S. Life's motion in this regard. There is no reason these records were not the subject of prior discovery practice, and U.S. Life has not shown that its need for the records came to light as a result of the recent deposition.[6]

An appropriate Order follows.

---

[6] As part of his response to the present motion, Plaintiff once again requests a formal hearing to address his allegations of fraud and collusion between defense counsel and New Jersey State agencies. See Doc. 280 at 2 & 5; Doc. 282 at 2-3 & 5. As a result of this Order and for reasons previously stated, see, e.g., Doc. 275 at 8, Plaintiff's request is denied as moot.