IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH T. HAYES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN INTERNATIONAL | : | |
| GROUP, et al. | : | NO. 09-2874 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                             September 23, 2013

In this action, pro se Plaintiff seeks long term disability benefits under the terms of a disability policy issued by The United States Life Insurance Company/American International Group (collectively "U.S. Life"), and U.S. Life has counter-claimed for the return of benefits paid under the policy. Presently before the Court is Plaintiff's letter motion to end discovery and for trial date (Doc. 287).[1] For the reasons that follow, Plaintiff's motion will be denied.

## I.   **RELEVANT PROCEDURAL HISTORY**[2]

The discovery deadline in this matter has long since passed.[3] However, certain

---

[1] The Honorable Mary A. McLaughlin has referred this matter to the undersigned.

[2] More detailed procedural histories of this case may be found in prior memoranda and orders. See, e.g., Docs. 213, 241, 275 & 284.

[3] By Order dated January 25, 2012, Judge McLaughlin required all fact discovery to be completed by March 15, 2012. See Doc. 117. No extension was sought by any party, with the exception of subsequent defense requests seeking additional time to depose Plaintiff and to compel production (Docs. 122 & 124), which Judge McLaughlin granted in part and denied in part on April 6, 2012 (Doc. 127); Plaintiff's motion seeking an extension of the discovery schedule (Doc. 143), which I denied on July 19, 2012 (Doc.

court-approved discovery continued beyond the deadline, including Plaintiff's deposition and certain discovery related to medical billing by Plaintiff and bills Plaintiff paid to his former lawyers. For example, by Order dated January 29, 2013, I ordered CDs of billing information compiled by Global Medical Billing ("GMB) and provided by Plaintiff's expert in response to a defense discovery request to remain in the custody of defense counsel until copies of the data were obtained, at which time defense counsel was required to send the original CDs to Plaintiff. See Doc. 235.[4] In addition, on April 19, 2013, I entered an Order allowing discovery-related motions based upon new matters arising out of Plaintiff's deposition. See Doc. 266.[5] By memorandum and order dated June 3, 2013, I granted U.S. Life's subsequent motion for additional discovery, finding that it was entitled to Plaintiff's 2006 appointment book and Plaintiff's attorney's records of amounts billed to and/or paid to them by Plaintiff from 2007 to the present. See Docs. 277, 284 & 285.

On August 7, 2013, Plaintiff filed the present motion in the form of a letter request seeking to end discovery and for trial date, arguing that U.S. Life had a sufficient amount

---

163); and Plaintiff's motion to extend time to complete discovery (Doc. 204), which I denied on November 8, 2012 (Doc. 214).

[4] Counsel for Defendant initially maintained that the CDs obtained from GMB were blank. Prior to a discovery-related hearing conducted on January 25, 2013, counsel for GMB and Jim Howarth, Plaintiff's expert, had reached agreement with defense counsel over how to make the electronically stored data accessible to Defendants, and Mr. Howarth successfully demonstrated in court that the CDs were not, in fact, blank.

[5] Pursuant to court orders, Plaintiff was deposed by counsel for U.S. Life for two hours on April 8, 2013, April 12, 2013, and April 17, 2013, and for one hour on April 19, 2013.

of time to acquire the remainder of the discovery it sought. See Doc. 287. On August 21, 2013, U.S. Life filed a response opposing the motion, explaining the reasons for the difficulties in completing discovery. See Doc. 288. Specifically, U.S. Life reports that as it completed the final court-approved discovery during the summer of 2013, it encountered unanticipated difficulty regarding the conversion of information contained on the CDs produced by GMB, and also had problems obtaining billing records from some of Plaintiff's lawyers and law firms. U.S. Life requests that a Case Management Conference be scheduled to consider the remaining case deadlines, including a trial date once the remaining discovery issues are resolved. Plaintiff filed a reply in support of his motion, and Defendant filed a sur-reply updating the court on the status of the remaining discovery issues and re-asserting a request for a Case Management Conference. See Docs. 289 & 290.

## II.  DISCUSSION

A trial court has broad discretion to fashion discovery-related orders. See Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court."). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (citations omitted).

A.      **Billing Records of Plaintiff's Lawyers and Firms**

By Memorandum and Order dated June 3, 2013, I granted U.S. Life's request to obtain additional discovery from Plaintiff's attorneys and law firms for amounts billed to and/or paid by Plaintiff from 2007 to the present, provided the information requested did not reveal information about the legal services performed.  See Docs. 284 & 285.  In its original response to the present motion, U.S. Life identified three problems that arose after subpoenas were issued by Record Copy Service ("RCS") to the attorneys and law firms identified by Plaintiff – (1) the subpoena for Gregory Sharkey was incorrectly issued to Richard Sharkey, (2) no response was received from the law firm of Rovner, Allen, Rovner, Zimmerman & Nash, and (3) several of the attorneys and law firms who responded did so via unverified letters sent directly to counsel for U.S. Life rather than through RCS.  See Doc. 288 at 2.  In its sur-reply, U.S. Life explains that attorney Sharkey has responded to the subpoena re-issued by RCS with his correct name, and that the law firm of Rovner, Allen, Rovner, Zimmerman & Nash has been re-contacted, but had not yet responded.  See Doc. 290 at 1-2.  In addition, U.S. Life seeks affidavits from counsel who did not provide verified responses to RCS, some of whom "included additional information which requires clarification."  Id. at 2.

U.S. Life diligently attempted to obtain the authorized discovery from Plaintiff's former lawyers and law firms, and has made ongoing efforts to resolve problems which arose without seeking court intervention, including re-issuing a subpoena and re-contacting a non-responsive law firm.  Under the circumstances, it is premature at this time to cut off discovery to which U.S. Life is entitled.

In response to U.S. Life's effort to obtain affidavits from attorneys and law firms who responded directly to counsel rather than through RCS, Plaintiff suggests that the "additional information" sought by U.S. Life may relate to fee agreements or other undiscoverable information. See Doc. 289 at 4. U.S. Life is not particularly helpful in this regard, stating only that it "seeks affidavits so that dollar figures and statements are verified" and that obtaining the affidavits will not cause a delay. See Doc. 288 at 3 ("Another 10 to 20 days should be adequate to resolve these issues . . . ."); Doc. 290 at 2 ("This process should not affect any deadlines this Court ultimately sets in regard to dispositive motions and/or trial date."). Because the law firms and attorneys in question did not submit their subpoena responses through RCS, it is appropriate for U.S. Life to obtain affidavits so that the discovery obtained is provided under oath. However, in doing so, U.S. Life is reminded that the "additional information which requires clarification" must relate only to the amounts billed to and/or paid by Plaintiff from 2007 to the present, and not to information (such as fee agreements) which may reveal information about the legal services performed.

### B. Records from Global Medical Billing

Similarly, U.S. Life avers that its counsel and counsel for GMB have been in communication for several months trying to resolve ongoing and highly technical issues concerning the conversion of the information on the CDs produced by GMB. See Doc. 290 at 2-3. U.S. Life explains that Medisoft, GMB's software provider, "administers the software and presumably possesses the specific knowledge required to properly obtain and convert the data for which U.S. Life has already paid a fee." Id. at 3. U.S. Life is

entitled to the data contained on the CDs, has paid the fees associated with obtaining and converting the data, has repeatedly attempted to access the data without success, and has worked with GMB's counsel for months in an effort to resolve the conversion issue. Therefore, I reject Plaintiff's suggestion that U.S. Life should hire its own billing and IT consultants in order to obtain the data, as well as Plaintiff's assertion that U.S. Life is "unnecessarily delaying the progress of this case." No. 289 at 3, 5. Accordingly, Plaintiff's motion to terminate discovery and set a trial date will be denied.

### C. U.S. Life's Request for a Case Management Conference

As an alternative to ending discovery and scheduling a trial date as requested by Plaintiff, U.S. Life requests that the court schedule a Case Management Conference to set the remaining case deadlines including dispositive and pre-trial motions, as well as a trial date, if necessary. See Doc. 288 at 4; Doc. 290 at 4. In light of my role in resolving discovery disputes between the parties, I decline to hold a formal Case Management Conference as contemplated by U.S. Life. However, pro se Plaintiff and counsel for U.S. Life shall participate in a telephone conference to be scheduled by the undersigned for the purpose of determining the status of unresolved discovery, if any, and discussing the time which the parties anticipate for dispositive and pre-trial motions, and for trial, after which the undersigned will report to Judge McLaughlin who will issue the appropriate scheduling order.

An appropriate Order follows.[6]

---

[6] In his reply in support of the present motion, Plaintiff once again alleges collusion between defense counsel and New Jersey State agencies in connection with an ongoing criminal matter in New Jersey. See Doc. 289 at 5-6. The New Jersey matter is irrelevant for purposes of Plaintiff's request to end discovery and set a trial date in this matter.